UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEYTHAN MICHAEL JONES SLAISE, | No. 1:23-cv-01035-SAB (PC) |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| NICOLE A. SILVEIRA, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 4) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on July 12, 2023. On July 13, 2023, the Court issued an order directing Plaintiff to submit a completed application to proceed in forma pauperis or pay the $402.00 filing fee within 45 days. (ECF No. 3.) Plaintiff failed to respond to the Court's order; therefore, on September 7, 2023, the Court issued an order to show cause why the action should not be dismissed. (ECF No. 4.) Plaintiff has failed to respond to the order to show cause and the time to do so has passed. Accordingly, dismissal is warranted.

**II.**

**LEGAL STANDARD**

Local Rule 110 provides that "[f]ailure...of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets

1

1  and "[i]n the exercise of that power they may impose sanctions including, where
2  appropriate,...dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

3      A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
4  action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v.
5  Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
6  Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order
7  requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir.
8  1987) (dismissal for failure to comply with court order).

9      In determining whether to dismiss an action, the Court must consider several factors: (1) the
10  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
11  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12  their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421,
13  1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

## III.

## DISCUSSION

16      Here, Plaintiff's application to proceed in forma pauperis is overdue, he has not paid the
17  filing fee for this action, and he has failed to comply with the Court's order. The Court cannot
18  effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both
19  the first and second factors weigh in favor of dismissal.

20      The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
21  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
22  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against
23  dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d
24  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility
25  it is to move a case toward disposition on the merits but whose conduct impedes progress in that
26  direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation,
27  460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

28      Finally, the Court's warning to a party that failure to obey the court's order will result in

1  dismissal satisfies the "considerations of the alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262;
2  <u>Malone</u>, 833 at 132–33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's September 7, 2023 order
3  expressly warned the failure to comply with the Court's order would result in a recommendation to
4  dismiss the action. (ECF No. 4.)  Thus, Plaintiff had adequate warning that dismissal could result
5  from his noncompliance.

6      Additionally, at this stage in the proceedings there is little available to the Court that would
7  constitute a satisfactory lesser sanction while protecting the Court from further unnecessary
8  expenditure of its scarce resources. Plaintiff has not paid the filing fee, and will likely attempt to
9  proceed in forma pauperis in this action, apparently making monetary sanctions of little use, and
10 the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased
11 litigating his case.

## IV.

## CONCLUSION AND RECOMMENDATION

14     Based on the foregoing, the Court HEREBY ORDERS the Clerk of the Court to randomly
15 assign a district judge to this action.

16     Further, the Court finds that dismissal is the appropriate sanction and HEREBY
17 RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order,
18 failure to pay the filing fee, and failure to prosecute this action.

19     These Findings and Recommendation will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of  28 U.S.C. § 636(b)(l).  Within **fourteen (14)**
21 days after being served with these Findings and Recommendation, Plaintiff may file written
22 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendation." Plaintiff is advised that failure to file objections within the
24 specified time may result in the waiver of the "right to challenge the magistrate's factual findings"
25 on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923
26 F.2d 1391, 1394 (9th Cir. 1991)).

27     Accordingly, it is HEREBY ORDERED that Plaintiff shall show cause within **fourteen**
28 **(14)** days from the date of service of this order why this action should not be dismissed for failure

to prosecute and failure to comply with a court order. Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above.

IT IS SO ORDERED.

Dated: __**October 2, 2023**__

UNITED STATES MAGISTRATE JUDGE